IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : CRIMINAL NO. 11-CR–0540-WDQ |
| **RODNEY R. HAILEY,** | : |
| Defendant | : |

...oooOooo...

## MOTION FOR INTERLOCUTORY SALE OF PROPERTY

The United States of America, by its counsel, hereby moves pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, for an order authorizing the immediate interlocutory sale of property subject to forfeiture in this criminal case. In support of its motion, the Government says the following:

**Facts**

The Defendant, Rodney R. Hailey, has waived indictment and agreed to proceed on a Criminal Information charging him with three counts of wire fraud, money laundering and violating the Clean Air Act, respectively. The wire fraud count alleges that the Defendant perpetrated a scheme to defraud whereby he obtained more than $9 million in fraud proceeds. The Information seeks the forfeiture of the proceeds of the offense, or any property traceable thereto.

In the course of its investigation of this offense, the Government identified approximately $3,085,208.86 in assets that were traceable to the alleged wire fraud offense. *See* Schedule A. These assets include two parcels of real property,

numerous automobiles, several articles of jewelry, funds in various bank accounts, and miscellaneous items of furniture, clothing and electronics. All of the items in Schedule A, with the exception of the two parcels of real property, are currently in the Government's possession.[1] All of the items listed on Schedule A, including the real property, have been listed as subject to forfeiture in a bill of particulars that the Government filed on October 27, 2011. (Doc. 11). The parcels of real property are also named as the defendants *in rem* in a parallel civil forfeiture proceeding styled as *United States v. 10801 Catron Road,* Civil No. 11-cv-1313-WDQ.

The items in the Government's possession – particularly the 20 automobiles and the tractor-trailers – are causing the Government to incur considerable storage costs and are depreciating in value. Accordingly, the Government is seeking the approval of the court to convert all of the property listed on Schedule A, except for the first parcel of real property (Defendant's residence) and the funds already in liquid form, to cash by way of interlocutory sale.

**Discussion**

Rule 32.2(b)(7) provides as follows:

At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable.

---

[1] The automobiles and the funds in the bank accounts were seized pursuant to seizure warrants issue by Judge Gesner on or about May 12, 2011. The other items were turned over to the Government by the Defendant in response to a series of pre-indictment restraining orders, including the order of September 7, 2011 issued by Judge Legg in Misc. No. 11-mc-239. The earlier restraining orders were filed under the same miscellaneous number.

Supplemental Rule G(7)(b) provides that a court may order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action if certain conditions are met.  Among other things, the sale may be ordered if the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; or the court "finds other good cause."  The sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person that the court designates.  Rule G(7)(b)(ii).  If the sale is uncontested, the parties may agree to the procedures and conditions of the sale.  Rule G(7)(b)(iii).

When the sale is made, the sale proceeds will be considered a "substitute res" subject to forfeiture in place of the property that was sold.  The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.  Rule G(7)(b)(iv).  If, at the conclusion of the Defendant's trial, the court orders the forfeiture of the sale proceeds, the property will be disposed of as provided by law.  Rule G(7)(c).

In this case, the Government is in possession of numerous items of personal property that are wasting and causing the Government to incur storage costs.  As mentioned, these include 20 automobiles, a Freightliner tractor and three trailers, and clothing, televisions, computers and other electronic items that are depreciating in value as they become out of date.  Conversion of these items to cash via sale will

preserve the value of the property for the benefit of the Government and, should he be acquitted in the criminal case, of the Defendant as well.

In addition, one of the parcels of real property is an unimproved parcel of land located at 9149 Rexis Ave, Perry Hall, MD. The interlocutory sale of that property will permit the Government and the Defendant to avoid liability should any accident occur on the property, enable the United States to market the property at the appropriate time should the real estate market improve, and avoid falling in arrears on the payment of the applicable property taxes.

At present, it appears that the Defendant will not be brought to trial until some time in 2012. Accordingly, it would be in the interests of justice for the court to order the interlocutory sale of the items listed in Schedule A, with the exception of the Defendant's residence and the property already in liquid form.

WHEREFORE, the United States moves that the Court enter an Order granting its motion for an interlocutory sale pursuant to Rule 32.2(b)(7).

          Respectfully submitted,

          Rod J. Rosenstein
          United States Attorney

By:_____/s/_____
          Stefan D. Cassella
          Assistant United States Attorney
          36 South Charles Street
          Fourth Floor
          Baltimore, Maryland 21201
          (410) 209-4800