**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO.  11-CR–0540-WDQ** |
| **RODNEY R. HAILEY,** | **:** | |
| **Defendant** | **:** | |

...oooOooo...

**MOTION TO COMPEL COMPLIANCE WITH SECTION 853(M)
DISCOVERY REQUESTS**

The United States of America, by its counsel, moves pursuant to 21 U.S.C.

§ 853(m) for an order compelling Tracey O. Hailey ("Mrs. Hailey") to comply with the

Government's request for the production of documents and to answer questions in a

deposition.  In support of its motion, the Government says the following:

**Background**

1. Rodney R. Hailey was convicted by a jury of 42 counts of wire fraud, money

laundering and violations of the Clean Air Act.  His sentencing is scheduled to take

place on November 29, 2012.

2. On August 22, 2012, this court issued an order of forfeiture, forfeiting

$9,128,375.11 to the United States.  The order took the form of a money judgment, with

credit given for the value of various assets already in the custody of the United States

or otherwise under the control of the court pursuant to existing restraining orders

(collectively, "the known assets").  The Government estimates that the value of the

known assets is approximately $3 million, and that therefore more than $6 million

remains outstanding.

3. On September 11, 2012, the court issued an order pursuant to Section 853(m) and Rule 32.2(b)(3) authorizing the Government to issue a notice of deposition and request for production to documents to any third party for the purpose of locating and identifying property subject to forfeiture under the August 22 order.  (Doc. 121).

4. On September 18, 2012, the Government issued a Notice of Deposition and Request for Production of Documents to Mrs. Hailey.  The Notice directed her to produce the documents and appear for a deposition at the Office of the United States Attorney on October 1, 2012. (Exhibit A).

5. On the scheduled date, Mrs. Hailey, accompanied by her counsel, appeared in the Office of the U.S. Attorney.  After answering some preliminary biographical questions concerning herself and her family members, Mrs. Hailey invoked the spousal privilege, and refused to answer any questions concerning the location of any assets derived from or otherwise subject to forfeiture as a result of the crimes for which Rodney R. Hailey was convicted.  The transcript of the deposition is attached at Exhibit B.

**Discussion**

As her counsel made clear on the record at the deposition, Mrs. Hailey's refusal to testify and to produce records at her deposition was based on the spousal privilege. Depo. at 24.  The privilege against spousal testimony gives the witness-spouse a privilege not to be compelled to give evidence that is adverse to the penal interests of the non-testifying spouse.  *United States v. Yerardi,* 192 F.3d 14, 18 (1st Cir. 1999).  As the First Circuit said in *Yerardi*, however, the privilege is a limited one: it relates to

2

evidence that could "contribut[e] to future criminal prosecution" of the non-testifying spouse, but does not protect the spouse from being compelled to testify concerning the location of assets subject to criminal forfeiture.  192 F.3d at 19-20 (stating that "criminal jeopardy is the threat with which the privilege is concerned").

In *Yerardi*, the defendant had been convicted of a criminal offense and was ordered to forfeit $916,000.  When the Government was unable to locate all but a fraction of the forfeitable property, it sought to take the deposition of the defendant's wife, believing that she controlled or had information regarding the location of the missing property.  The wife, however, declined in deposition to answer most of the questions put to her in that regard, citing the spousal privilege.  192 F.3d at 16-17.

When the Government moved to compel the defendant's wife to testify, the court held that if the only adverse consequence of her testimony were to provide information leading to the recovery of the forfeited assets, the privilege would not apply.  192 F.3d at 20.  But it noted that there was a danger that the same evidence could also be used in a future prosecution of the defendant for tax evasion or a related crime.  *Id.* Accordingly, the court held that the defendant's wife could be compelled to testify only if the Government provided an affidavit stating that it would not make any direct or indirect use of any evidence she provided in any "subsequent criminal prosecution" of her husband.  192 F.3d at 20-21.  Such an unconditional promise, the court said, "would eliminate the privilege across the board for any questions hereafter put to [the wife]" regarding the location of forfeitable assets.  192 F.3d at 21.

This case is on all fours with *Yerardi*.  The Government is seeking to conduct discovery pursuant to Section 853(m) for the sole purpose of locating assets subject to

forfeiture under the court's August 22 Order.  Such assets could include all or part of the missing $6 million, including approximately $500,000 in cash that the Government's financial analysis has been unable to account for, property traceable to the missing assets, or other property that may be forfeited as substitute assets in satisfaction of the outstanding money judgment.  For a variety of reasons already known to the court, the Government believes that Mrs. Hailey controls or has information regarding the location of those assets.[1]

Moreover, the Government has provided Mrs. Hailey with a *Yerardi* declaration, stating unconditionally that it will not use or make derivative use of any evidence that she is compelled to provide in any future criminal prosecution of her husband.  (Exhibit C) Accordingly, Mrs. Hailey has no further basis on which to refuse to answer the Government's questions or to produce the requested documents.

**Conclusion**

As the First Circuit concluded in *Yerardi*, "Like most privileges that obstruct evidence, the privilege against adverse spousal testimony is construed strictly."  192 F.3d at 22.  Here, Mrs. Hailey's refusal to give evidence regarding the location of the missing assets has obstructed the Government's efforts to enforce the court's order of forfeiture, leaving the convicted defendant in possession of an unknown sum of money

---

[1] We note, for example, that on October 16, 2012, Mrs. Hailey filed a claim asserting an ownership interest in a large portion of the known assets that were included in the order of forfeiture, acknowledging that she is well aware of what became of the $3 million in assets that the Government has been able to identify.  It is reasonable to assume that she is equally aware of the what became of the missing $6 million as well.

4

derived from his criminal acts, and depriving the Government of the opportunity to recover that money for the benefit of his victims.

For all of these reasons, the court should hold that the spousal privilege does not permit Tracey O. Hailey to refuse to comply with the Government's Notice of Deposition and Request for Production of Documents.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By:_____/s/_____
Stefan D. Cassella
Tonya N. Kelly
Assistant United States Attorneys
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800