FILED: December 6, 2017

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 17-7005
(1:11-cr-00540-CCB-1)
(1:17-cv-01297-CCB)

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RODNEY R. HAILEY

Defendant - Appellant

### JUDGMENT

In accordance with the decision of this court, the judgment of the district court is vacated. This case is remanded to the district court for further proceedings consistent with the court's decision.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-7005

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

RODNEY R. HAILEY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:11-cr-00540-CCB-1; 1:17-cv-01297-CCB)

Submitted: November 30, 2017        Decided: December 6, 2017

Before KING, DUNCAN, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Rodney R. Hailey, Appellant Pro Se. Joan Castleton Mathias, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney R. Hailey, a federal inmate, appeals the district court's order construing Hailey's motion for review of his sentence, which was filed pursuant to Fed. R. Crim. P. 52(b), as a 28 U.S.C. § 2255 (2012) motion and denying it on procedural grounds. Hailey contends that the district court violated *Castro v. United States*, 540 U.S. 375, 377, 383 (2003), in so construing his motion as a § 2255 motion without providing the proper advisals of that recharacterization. We agree and vacate the court's order and remand this case for further proceedings.

In May 2017—more than three years after we affirmed Hailey's underlying criminal judgment and aggregate 151-month sentence, *see United States v. Hailey*, 563 F. App'x 229 (4th Cir. 2014)—Hailey filed his pro se motion seeking review of his sentence pursuant to Rule 52(b). The district court twice entered orders that effectively put Hailey on notice of its intent to treat this pleading as a § 2255 motion, but did not provide *Castro* notice of its intent to recharacterize the motion as one pursuant to § 2255 or provide Hailey the opportunity to object to that recharacterization. Despite this lack of formal notice, Hailey nonetheless advised the district court on at least two occasions—in his reply in opposition to the Government's response to his motion and later in his July 20, 2017, letter to the court—that he objected to the recharacterization of his pleading as a § 2255 motion. The court, in its final order, nonetheless construed Hailey's motion as one seeking relief pursuant to § 2255 and denied it on procedural grounds.

In *United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002), we held that a district court must notify a prisoner if it intends to recharacterize his motion as the

2

movant's first § 2255 motion. The Supreme Court expanded on this notice requirement in *Castro*, holding that:

> [T]he court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

540 U.S. at 377.

Here, the district court erred in failing to formally advise Hailey of its intent to recharacterize his motion as a § 2255 motion and of the ensuing consequences, and in so treating Hailey's motion as a § 2255 motion after Hailey twice indicated his objection to such treatment. Accordingly, we vacate the district court's order and remand for further proceedings. On remand, the district court should provide Hailey an opportunity to either proceed with his original motion as styled, or to accept recharacterization and amend his motion so that it contains all the § 2255 claims he believes he has. We grant Hailey leave to proceed on appeal in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3

FILED: December 6, 2017

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-7005,   US v. Rodney R. Hailey
1:11-cr-00540-CCB-1, 1:17-cv-01297-CCB

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).