IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

| | | |
|---|---|---|
| United States of America, | ) | Civil No. 17-1279 |
| | ) | |
| vs. | ) | |
| | ) | |
| Rodney R. Hailey, | ) | |

DEFENDANT'S REPLY AND MEMORANDUM OF LAW AND SUPPORT
TO THE GOVERNMENT'S RESPONSE PLEADING

Defendant Rodney R.Hailey, comes in his proper person, before this Court in the capacity of pro'se litigant, and now moves. this Honorable Court by his Reply and Memorandum of Law and Supoort, to the Government's Responding pleading (Dkt. 204).

I. Introduction :

Defendant Hailey's Plain Error motion, in pursuant of the Rule 52(b), of the Federal Rules of Criminal Procedure, is before this Honorable Court. by way of the United States Court of Appeals for the Fourth Circuit's order of " Remand " and has been perceived in the manner of the Rule 52(b)'s matters on or about the December 13,2017, and annonced on December 18, 2017, by said defendant as presented and provided.

This Honorable Court, is an institution of judicial <u>stare decisis</u>, and the Supreme Court of the United States' has long settled laws, in their precedent,

that apperantly are in dispute by the Government, within, their theories as to the authorization of this Court's judicial reviewing authority. Cf. Adamo Wrecking Co. v. United States, 434 U.S. 275, 282-283, 54 L Ed 2d 538, 98 S.Ct 566 (1978)(Holding: Statute barring courts review of lawfulness of agency " emission standard " in criminal case does not bar courts review of whether regulations is an " emission standard")); also see Utah v. Evans, 536 U.S. 452, 463, 153 L Ed 2d 423, 122 S.Ct 2191 (2002).

The standard of the Rule 52(b), extense to provide an defendant that has failed to object and preserved such, to set forth and show with clarity the plain errors that has caused him substantial and private interests deprivation by the Government misconducts, and that result in erroneous and egregious to effected the fairness principles of the proceedings that the error occurred inconsistent with the Fifth Amendment's Due Process Clause.

However, it appears that the Government's contentions are in contradiction within, itself, their open statement, appears to present arguments that was perviously vacated, and remanded, however, the government alleges not to be realleging they pervious argument of such, yet they do so explicitly in their litigation insofar as the section 2255, on several pages. But at the Government's initialed argument stage at p. 6, of (Dkt. 204), they argues that the Rule 52, cannot be treated as a § 2255, which it said defendant point of the Rule 52(b), being a vehicle of Plain Error, that address the prejudice of substantial rights by the government's misconduct(s), at the sentencing stages.

Said Defendant Hailey, now respectfully requests of this Court to hold in its consideration, that at the times' of his direct appeal, or initial section 2255, that neither Molina-Martinez v. United States, 136 S.Ct. 1338(2016), and Nelson v. Coloroda, 137 S.Ct. 1249(2017), was not available to him, and that on direct appeal he was represented by counsel, whose was to provide effective assistance and competent

ability in the matter of the protection of his substantial rights, in the federal courts, as inscribed by the fundamental guarantee of the Sixth Amendment's <u>Counsel Clause</u>.

An uncharged conduct(s), infringes upon the very essential of the Fifth and Sixth Amendments' the Due Process fundamental fairness principles, work in conjunction of the two amendments' and their guarantees' even at the fix penalty stages, in the instant case of Hailey's the crime elements in 18 U.S.C. § 1343 fraud offense(s), demands the crime ingredient (" victim "), to be established for the fixing of penalty scheme in the § 1343 seg.al., this is in accordingly to the United States Sentencing Guidelines Manual § 2S1.1.cmt. and for violation of the 18 U.S.C. § 1957 [" money laundering"] offense, the crime ingredient to the fixing of penalty for the violation(s) are the amount of currency that was founded in fraud scheme(s), herein,.

The above theory set forth, herein, has been consciously employed in the Government's recently responsed pleading, the Defendant Hailey, had invoked his Sixth and Seventh Amendments' guaranteed rights to a trial by a jury, he was convicted by the jury upon the Grand Jury's charging instrument's usage, he was only provided with the opportunity to defend himself against accusations presented in the (" indictment "). for whatever, reason the Government didn't sought a superseding indictment by the Grand Jury's panel that surrendered the original indictment... the Fifth Amendment's Grand Jury Clause; guarantee an person accused of an criminal offense(s), that unless those offenses appears in the form of an presentment or indictment, he cannot be held to answer to uncharged accusations, the Sixth Amendment secured the fundamental right of an accused person, to extense to the right to notice. and the to a trial by jury on the accusations presented in a presentment or indictment, an accused (defendant) such as Hailey cannot enjoy such fundamental rights that is enjoy by all other persons before

this federal court, where the misconduct(s) derived in the government's presentation at sentencing of accusations of uncharged conduct(s), never presented in an presentment or indictment.

Again, the exercise afforded by this court to the government on February 22, 2013, under the impression of title 18 U.S.C. § 3661, and the misinterpretation employed in " United States v. Watts, supra. " that has now in the caselaw of Nelson, supra. been overruled, and even though the government made argue against Hailey's theory constructive on settled law, and preserved in the precedents of case laws, the sufficience of an uncharged conduct(s), are prescribed in the persumption of innocence doctrine, as is the acquitted conduct(s), and the errors implemented by sentencing Hailey, outside statutory penalty in a Guidelines scheme invokes the infringing of the government's upon Hailey's substantial rights, that constitutional guarantees that are secured in the Fifth and Sixth Amendments' Due Process clause, and the fundamental fairness principles.

It appears in the Government's responding pleading, that the Rule 52(b), of the Federal Rules of Criminal Procedure, should stand in differance of the Rule 33, or Rule 36, vehicles, and that according to the government, even if it should be established by the constitutional laws, that Hailey's is imprisoned under and illegal sentencing scheme, he should be further deprived of his fundamental privilege as enjoy by all other persons who has been held in prison by an illegal sentencing scheme that inconsistent with the due process fundamental fairness principles, and against the spirits of the fundamental safeguards in placed to protect the people's rights from the misconducts of arbitrary governmental discrimination(s) being enforced against the very people the government is swear to protect and defend fundamental rights. That sort of argue would set this federal judicial system and our country back in the dark ages per Thirteenth and Fourteenth Amendments.

II.                    ARGUMENT

The Supreme Court, has held : What constitutes agency " action," " order," " decision," final order." " final," " decision," or the like within, meaning of federal statutes authorizing judicial review of administrative action- Supreme Court, cases 47 L .Ed 2d 843.

In " United States v. Olano, 507 U.S. 725, 113 S.Ct 1770, 123 L Ed 2d 508 (2003)( Holds three components that must be over come. " First, there must be an error that has not been intentionally relinquished or abandoned."

Hailey's has satisify this component. and the Government has agreed to this fact, in their responded pleading wherein, they argues Hailey has package and repackage, of such an error.

" Second, in Olano: the error must be plain - that is to say clear or obvious."

Hailey has satisify this component as well, he has in his original complaint broken the cause of the error down to the common mind state, and will further set herein, that the government's misconduct in the employing of uncharged conduct(s) preserved and protected inthe security of the doctrine of persumption of innocence, especially now in light of Nelson, supra. even though the Nelson's Court ruling was based on the substantial rights effected by a state's statute(s) scheme. It is equal if not more strongly held against federal statutes that promotes the misconduct egregious errors against a federal defendant like Hailey's substantial rights.

" Third, the error must have affected the defendant's substantial right, ibid., which in the ordinary case means he or she must show a reasonable probability that, but for the error, " the outcome of the proceedings would have been different."

Hailey has perviously satisified this component and will now furtherance set

5

forth of the principal standard of the doctrine of stare decisis, as to why the equal protection extended and upheld in such case law should be equal applicable to protect his substantial rights. As has been asserted by Hailey in his original pleading had the government not been allowed to use uncharged conduct inconsistent with the principles of presumption of innocence doctrine, and the due process clause secured in the Bill of Rights' Fifth Amendment of the Constitution of the United States.

There nothing in the Supreme Court's decision in <u>Olano</u>, or the Rule 52(b), that forbids this Court from correcting its own plain errors that effected Hailey's substantial rights. It would however, be an grave act of fundamental miscarriage of justice, employed by this Court, to deprive Hailey's the right to be heard and to present his presentation of evidence of the substantive errors and their infringment against his substantial rights, in conflict with constitutional laws.

For the purposes of support Hailey set forth in the theories of an few forms of example of how the misconduct of the government uses of an uncharged conduct(s), has prejudice his substantial rights in the interest of the Due Process fundamental fairness principles, at the sentencing of February 22,2013; this is prehaps may be the most startling result of the reasoning of <u>Nelson</u>, herein the instant case: Hailey was charged with offenses in violation of the title 18 U.S.C. § 1343, in that crime the Grand Jury found that in the eight counts of the fraud scheme, the government's presentation sustained reasonability that (5) Five individuals companies was the victims of Hailey's fraud scheme. A jury trial was held and a virdict as to the above crime elements was found under the assumed assumption of beyond the reasonable doubt clause. The same go for the Grand Jury's charging Hailey's in the offenses of money laundering in violation of 18 U S.C § 1957, and the government's presentation before that Grand Jury's panel held that the government sustained that the amount of U.S. currency with more then <u>nine millon - dollars</u>.

The same Grand Jury had defined their terms of more then **nine millon - dollars**, to mean $9,100,002,38 or so, but less then Ten Millon Dollars, the government at trial before an jury put on an presentation of their evidence a little more then what the Grand Jury's indictment charged Hailey, and to be the nature and cause of the presentation presented by the government to the Grand Jury's panel, however, the government doing Hailey's jury trial presentation of evidence as to the amount of U.S. currency was still under the " **Ten Millon Dollars.**" factor nevertheless, the jury panel after listen and retaining evidence and information, from all parties, found beyond a reasonable doubt as to the money laundering currency and Hailey's liability to be no more then a little more then two millon dollars.

What is omission herein, is to why the government withheld, assuming the evidence of five other victims, and more then $30,000,000 dollars, from the Grand Jury's panel, Hailey, or the jury panel at Hailey's trial, but for whatever, the government's reasons made had been at that time, the substantive of the errors invaded upon Hailey's substantial rights' inconsistent to the due process principles, because the withheld of such crime element/ ingredient far on the **Brady's Rule**, it also defaces the fair notice, and the confrontation clause, while obstructing access to Hailey's right to defend hisself... Because the crime ingredients withheld derived out what would had been considered in accord to title 18 U.S.C. §§ 1343 and 1957 cmt. as to statutory penalties framework the Sixth Amendment's floor and Ceiling principles, it was error of this Court and Appellate Court's dismissal, or disregard of such substantial facts.

## III. Presumption of Innocence Doctrine :

Hailey was never charged with 10 victims, in the fraud scheme, he wasn't charged with laundering $ 40, 000,000, he is presumably in the eyes of the laws, of the United States, as innocent as to the extra five victims assumptions, and he is presumably innocent of laundering $ 40,000,000, in the crime of money laundering, the settled laws of the United States' set in the doctrine of the presumption of innnocence standards, that can only be override by a conviction of finalization on the all crime elements/ or ingredients. However, this Court and the Government erred, when it imposed a sentencing outside of what the law announced as to be legally.

Whether the Court, in the record declares, that its decision derived in light of title 18 U.S.C. § 3661, seq.al., such exercising could not be hold as lawful execution or even employed without proof of the constitutionality . This is because the fundamental guarantees and their constitutional safeguards forbids such governmental arbitrary execution, by the mind states implemented in the discriminations against Hailey's substantial interest in the legality of that form of enforcement imposition, nor could the " government" rely on its own interpretation, or " Hailey's failing to appropriately object to the government's invasion of his substantial rights, where this Court is the core elector of the appointed defense counsel," of the Watts' acquitted conduct reasoning for the sentencing scheme and/or purposes to subject Hailey to an constitutional illegal sentencing that creates an harsher penalty or punishment in violation of the Bill of Rights' Amendments " **Fifth**," " **Sixth**," and " **Eighth**," of the Constitution for the United States.

Nelson, makes clear of the errors in the employment of the prohibited adoption of Watts, because it allows the government to simply undermine the safe-

grauds, that has been put in place to protect guarantees of such substantial rights of an defendant's, the graveness of the erroneousness attached herein, the execution of the imposition of Hailey's constitutional illegal sentencing is what the Supreme Court held in "<u>Molina-Martinez</u>," are identical to the Sixth Amendment's concern, herein, the instant case of Hailey's.

Whether the Government has announce their agreement of the facts set forth by Hailey's throughout his complaint and pleading isn't unforeseeing here on the records, because the government has indeed agreed with Hailey's in their rebuttal pleading, but the government's seeks to block Hailey's liberty interest and grievances, by influencing this Court to again recharacterize Hailey's Rule 52(b), motion to post as a post-conviction factor, nevertheless, the government attempts to disguise its action, by confliction language or words' first the government argues that Hailey's Rule 52(b), isn't a vehicle for redress that argument falls on moot ears, next the government claims that they are not re-litigating their pervious argument, which also false as to § 2255, and Rule 52(b), in this instant civil manner, and last in the government's first argument instant it agrees that the Rule 52, is not a post conviction issues vehicle. What is omission to the common mind herein, the government's argument it attempts to deflict Rule 52(b), under the viewing of Rule 52, which leave the ambiguity open to misconstrued facts, because the post conviction clearly dose not rest on Rule 52, or Rule 52(b), because by federal judicial procedure the § 2255, is the common motion for post-conviction proceedings and issues.

Herein, the instant case of Hailey, he is presume innocent of any uncharged conduct(s), and this Court has no judicial jurisdiction to imposed a sentence of such, even in the face of title 18 U.S.C. § 3661, because the reading of such an statutory provision, it must be read in the constitutional visions, and it was clear error for this Court to override the presumption of innocence afforded to

Hailey, that should had been respected and uphold in this Court on February 22,2013, the uncharged conduct(s), attached to the presumption of innocent, will not allow the sentencing imposed of February 22,2013, to stand in the eyes and face of the Constitution, or laws, or treaties of the United States as valid or lawful... because its execution derived out of unlawfulness means in conflictation of the fundamental fairness principles. That is why the government's whole intends is to influence this Court, to bar access to its judicial bench, on the merits of Hailey's asserted issues of fundamental interests.

## CONCLUSION

THEREFORE, with the above fundamental factors, and settled laws, herein, this section of the conclusion provisions and paragraphs, as follow this Court should grant Hailey leave to proceed in pursuant of Rule 52(b), and /or set forth an hearing as to the evidential facts, of the plain errors and the effects upon Hailey's substantial rights:

Congress, explicitly inscribed in the context of the federal title 18 of the United States Code Services, section 1957, at subsection (b), Penalty and Punishment : Paragraph (1) : Except as provided in paragraph (2), the punishment for an offense under this section is a fine under title 18 United States Code, or imprisonment for not more than ten years, or both, if the offense involves a pre-retail medical product ( as defined in section 670 [ 18 U.S.C.S. § 670], the punishment for the offense shall be the same as the punishment for an offense under section 670, [ 18 U.S.C.S. § 670] unless the punishment under this subsection is greater.

Paragraph (2): The court may impose an alternate fine to that imposable

Hailey, that should had been respected and upheld in this Court, on February 22, 2013, the uncharged conduct(s), attached to the presumption of innocence, would not had allowed such an illegal sentencing to be imposed against the constitutional laws, or Hailey's fundamental interest to had cause such harsh invasions upon his liberty privileges in the violation of those secured substantial rights guaranteed by the Bill of Rights, and elsewhere in the Constitution of the United States.

Hailey, is entitled to relief, under the principal standards of the Rule 52(b), as held in <u>United States v. Olando</u>, supra. as a appropriate and applicable vehicle.

Hailey contends that the uncharged conduct(s), at issue is constitutionally deficient, even under the guidelines set out in " <u>Victor v. Nebraske</u>, 511 U.S. 1, 127 L.Ed 2d 583; as also found in the United States Court of Appeals for the Fourth Circuit's decision in <u>United States v. Engle</u>, 676 F.3d 405,415 (4th Cir.2012)(It is a fundamental percept of our criminal justice system, that the accused enjoys a presumption of innocence at all stages of the government's prosecution." (quoted <u>Estelle v. Williams</u>, 425 U.S. 501,503, 96 S.Ct 1691, 48 L.Ed 2d 126(1976).

Hailey, readopts his original asserted issues of the invoked <u>substantial rights</u>, guaranteed to him by both the Sixth and Seventh Amendments rights to trial by jury, and that ever elements of a charged offense must be found by a jury beyond a reasonable doubt, the jury which found Hailey guilty on June 25,2012, of criminal offense of fraud in violation of 18 U.S.C.§ 1343, it held him liable for that offense against five individual coorporations, not ten, that same jury found Hailey, liable for a litte more then two millon dollars, for the money laundering offense in violation of title 18 U.S.C. § 1957, while the court may double the monetary amount under this section, it cannot impose its will of liability outside

11

of the jury's verdict as to the crime element of monetary liability, or what is prescribed in the contexts of the section 1957 of the title 18 United States Code subsection (b). See, " <u>United States v. Gaudin</u>, 515 U.S. 506, 132 L.Ed 2d 444, 115 S.Ct. 2310(1995)( holds : The Supreme Court, has long made clear that the Constitution provides that a criminal defendant may be convicted only if every element of a charged offense is found beyond a reasonable doubt by a proper fact finder.

This stare decisis was also uphold in the " <u>United States v. Ramirez-Castillo</u>, 748 F.3d 205, 212-23 (4th Cir. 2014)( relying on Gaudin, and explaining that the jury's role is to determine the facts as to each element and apply the law as instructed by judge to those facts).

In the instant case of Hailey, the government elected to not charge conduct derived from the offenses, for whatever, reasons, but used them uncharged conduct(s), to cause a greater fine and sentencing imposing in violation Hailey's substantial rights' guarantees in the Fifth and Sixth Amendments working in conjunction in, or through the <u>Due Process Fundamental Fairness Principles</u>, had not the errors occurred Hailey would had been sentenced to a much lesser sentencing, and fined a lot less then the 40 millon dollars restitution imposed. **United States v. Squirred**, 588 F.3d 207,(4th Cir. 2009); and **United States v. Awuah**, 654 Fed. Appx. 597 (4th Cir. 2016).

Dated: ₄, 2018
RH January

Respectfully Submitted

Rodney R. Hailey
Reg. No. 53964-037

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 31 day, of the month January, 2018, a copy of the foregoing Defendant Rodney R. Hailey's Reply and Memorandum of law and Support, to the Government's Responsed pleading, was mailed prepaid, by the first class Post Services, to the following :

Joan C. Mathis, esquire.
Assistant U.S. Attorney
Office of U.S. Attorney
36 South Charles Street, 4th flr.
Baltimore, Maryland 21201

Respectfully Submitted,

Rodney R. Healey
Reg. No. 53964-037
FCC Petersburg, Low
P.O. Box# 1000

Petersburg, VA 23804